# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4682 | **DATE** | 7/1/2003 |
| **CASE TITLE** | ANNA HALL vs. CITY OF CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The City of Chicago's Bill of Costs is granted in part and denied in part. The City of Chicago is awarded a total of $4,490.45.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUL 02 2003 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| LG | courtroom deputy's initials | JUL -1 PM 5:51 date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 83

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA HALL, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 98 C 4682 |
| v. | ) ) Judge John W. Darrah |
| CITY OF CHICAGO | ) ) |
| Defendant. | ) ) |

DOCKETED
JUL 0**2** 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Anna Hall ("Hall"), filed suit against Defendant, City of Chicago, alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000(e). Subsequently, Defendant's motion for summary judgment was granted. Presently before the Court is the City of Chicago's Bill of Costs.

"Costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court- appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.

The City of Chicago seeks a total of $5,070.40 for various deposition-related costs, including transcription, condensed transcripts, copying, court reporter attendance fees, and delivery charges.



The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4 per page for each expedited copy, $0.75 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party.

The City of Chicago seeks transcription of depositions at rates between $2.85 and $5.00 per page, copies at rates between $1.35 per page and $2.00 per page, and court reporter attendance fees ranging in fees from $16.00 per hour up to $68.75 per hour. Plaintiff does not dispute the number of depositions taken or the costs related to the transcription, copying, and court reporter attendance fees.

The City of Chicago seeks to recover $3,208.80 for original transcriptions. The original transcription rates of $2.85 per page are below the established rate by the Judicial Conference and are awarded, but the rate of $5.00 per page is above the established rate and is not completely awarded. Where the City of Chicago seeks to recover $490 for 98 pages and $245 for 49 pages, it will only receive $323.40 and $161.70 ($3.30 X 98 pages and $3.30 X 49 pages, respectively). Therefore, the City of Chicago will receive $2,958.90 ((868 pages x $2.85 = $2,473.80) + (147 pages x $3.30 = $485.10)) for the transcription of depositions.

The copying rates of between $1.35 and $2.00 per page for the first copy of a transcript are not within the established rate by the Judicial Conference. Accordingly, Defendant is awarded the Judicial Conference rate of $0.75 per page. Therefore, the total award for initial transcript copies is $217.50 for 290 pages.

2

The court reporter attendance fees ranging from $16.00 per hour to $68.75 per hour are reasonable and are awarded. *See McDonald v. Village of Winnetka*, 2003 WL 1989656 (N.D. Ill. Apr. 30, 2003) (finding court reporter attendance fees of between $35 and $95 per hour as reasonable).

The City of Chicago also seeks $258.45 for condensed transcripts. Condensed transcripts, as a second copy, are generally not recoverable. *See Hardy v. University of Illinois, Chicago*, 2002 WL 2022602 (N.D. Ill. Sept. 3, 2002) (*Hardy*); *Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002) (*Ochana*); *Sanglap v. LaSalle Bank*, 194 F. Supp. 2d 798, 803 (N.D. Ill. 2002) (*Sanglap*). Accordingly, the $258.45 in fees for condensed transcripts are not recoverable.

The City of Chicago seeks $50.25 in delivery charges for the deposition transcripts. While the court may, in its discretion, award incidental costs, including delivery charges, *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995), under the Judicial Conference guidelines, postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts. *See Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Antonson v. United Armored Serv., Inc.*, 2002 WL 908424 (N.D. Ill. May 6, 2002); COURT REPORTER MANUAL, ch. 20, pt. 20.9.4. Accordingly, the City of Chicago is not awarded the $50.25 in delivery charges, including the charges for same-day delivery.

The City of Chicago seeks $90.00 spent on three 3.5 AsciII disks ($30.00 each). The City of Chicago does not indicate why AsciII disks were necessary for the proceedings. The costs of AsciII disks of deposition transcripts are not a charge that a defendant is entitled to recover; such AsciII disks are for the attorney's convenience. Accordingly, the cost of the three AsciII disks are not awarded. *Coleman v. ANR-Advance Transp. Co.*, 2001 U.S. Dist. LEXIS 5713 (N.D. Ill. 2001).

Based on the above, the City of Chicago is awarded $4,127.85 ($5,070.40 - $942.55) in deposition costs.

The City of Chicago seeks $356.20 at the rate of $0.20 per page for 1,781 copies for the cost of photocopying certain pleadings and relevant documents. Copy rates of between $0.10 and $0.20 per page have been found to be reasonable. *See Pendleton v. LaSalle Nat. Bank*, 2002 WL 1880124 (N.D. Ill. Aug. 12, 2002); *Martino v. California Fed. Bank*, 2002 WL 731153 (N.D. Ill. April 24, 2002) (*Martino*); *Kateeb v. Dominick's Finer Foods, Inc.*, 1997 WL 630185 (N.D. Ill. Sept. 30, 1997).

The copies of each pleading or other document filed with the Court were reasonably necessary and, thus, are recoverable. However, the copy of discovery responses and production, as well as the single copy of correspondence retained by the City of Chicago, are not recoverable expenses. A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *See Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000); *Jones v. Bd. of Trustees*, 197 F.R.D. 363, 364 (N.D. Ill. 2000). The City of Chicago's discovery responses and production, totaling $173.20, and the single copy of the correspondence, totaling $24.40, are not recoverable copying expenses.

In light of the above, the Court finds that the requested rate of $0.20 is reasonable. Accordingly, the City of Chicago is awarded $158.60 ($356.20 - $197.60) for photocopying expenses.

The City of Chicago seeks $211.00 for witness fees and record subpoenas. The City of Chicago contends that all of these charges were necessary to obtain Plaintiff's medical records. The witness fees include seven record subpoenas, ranging from $21.00 to $43.00 each. Prevailing parties

may recover service costs that do not exceed the Marshal Service's fees regardless of who effected service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The Marshal's Service charges $40.00 per hour for the first two hours and $20.00 for every hour thereafter. *Johnson v. City of Elgin*, 2002 WL 171971 (N.D. Ill. Feb. 1, 2002). Since the Court will award the minimum charged by the Marshal's service, $40, the City of Chicago will receive up to $40 per subpoena service. Therefore, the City of Chicago is awarded $204 for witness fees and record subpoenas.

Based on the above, the City of Chicago's Bill of Costs is granted in part and denied in part. The City of Chicago is awarded a total of $4,490.45.

Dated: July 1, 2003

JOHN W. DARRAH
United States District Judge